# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

TIMOTHY J. COLLAZZI
MEMBER
EMAIL: tcollazzi@lcbf.com

ONE GATEWAY CENTER
22ND FLOOR
NEWARK, NJ 07102
TELEPHONE (973) 623-2700
www.lcbf.com

120 Broadway
13th Floor
New York, New York 10271
Tel: (212) 238-4800

One Penn Center
1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

July 17, 2025

*Via ECF*
The Honorable Judge James B. Clark III, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & US Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **National Railroad Passenger Corporation vs. Vinik Marine, Inc., et al.**
**Docket No. 2:24-cv-04874-MCA-SCM**

Dear Judge Clark:

This office represents Plaintiff National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") in the above-referenced matter. As you know, this suit involves an incident in which the barge Maria, pushed by Defendants' tugboat, the Liz Vinik, allided with the Amtrak Portal Bridge, destroying part of its fender system. Relevant to the current discovery dispute, Amtrak used non-party Hardesty & Hanover ("H&H") as the engineering design firm for Amtrak's fender replacement project.

Defendants served H&H with a subpoena for documents related to the fender replacement project. Although Amtrak takes no position on H&H's motion to quash, we write respectfully to provide responses to certain representations that have been made to the Court.

1. **Amtrak is not in possession of the entire universe of H&H's potentially responsive documents and does not keep H&H's documents in the ordinary course.**

H&H claims that Amtrak has been given H&H's entire job folder. This is not true. After H&H was served with the subpoena but before it was represented by counsel, H&H provided this firm with a copy of documents from Jeffrey Konrad (his "job folder") and William Johnson (his emails). Putting aside that Amtrak clearly does not maintain, *e.g.*, William Johnson's emails in the ordinary course of business, Amtrak was not given Jeffrey Konrad's emails *nor* William Johnson's "job folder." Nor was Amtrak given any documents from any other H&H employee that worked on the fender replacement project. Furthermore, we have been unable to view many of the documents in the "job folder," so it is unclear if Amtrak received a corrupted file or there is some other issue.

4897-0474-2486v.1

Further, while, yes, H&H did send Amtrak *some* documents in the ordinary course of business during the pendency of the fender replacement project, there are many documents in the "job folder" that were internal to H&H and never provided to Amtrak outside the context of Defendants' subpoena. Any documents that H&H provided to Amtrak and were maintained in the ordinary course were produced (or would have been produced to Defendants if responsive to any demand they served) or will be produced after the parties negotiate an ESI protocol.

H&H's claim that they provided Amtrak with "ESI" also warrants attention. Again, Amtrak did not maintain these files in the ordinary course of business. And, H&H did not utilize an IT vendor to preserve and extract metadata. Therefore, no party viewing the relevant documents can rely on, e.g., author fields, dates, file paths, etc., in any file which was sent to Amtrak.

### 2. Amtrak addressed H&H's confidentiality and security sensitive concerns.

H&H's pre-motion letter claims it is concerned over inadvertent disclosure of confidential material (under its contract with Amtrak) and/or Sensitive Security Information ("SSI"), and claims that Amtrak has not "formally" addressed these concerns. Preliminarily, Amtrak understands that it cannot assert confidentiality as a basis to withhold documents related to the fender replacement project. Clearly, Amtrak has put that project at issue in the case.

Moreover, Amtrak has *repeatedly* told H&H that it is willing to assist it by reviewing H&H's production after it performs a responsiveness review and before it is served on Defendants to identify: (1) documents for which Amtrak will waive confidentiality; (2) documents for which Amtrak will assert confidentiality such that they should be identified on a privilege log (*e.g.*, documents containing passwords to Amtrak's billing system); and (3) SSI.[1]

### 3. Amtrak is not "better suited to prepare, review, and produce the documents sought from defendants'" subpoena.

H&H suggests that Amtrak is "better suited" to produce the documents it dumped on Amtrak's counsel. Again, Amtrak does not maintain H&H's documents in the ordinary course of business. And, Amtrak is unaware of any authority to support the proposition that, after being served with a duly authorized subpoena, a non-party can dump its documents on a party (who did not request the documents) and force that party to comply with the non-party's obligations to respond to the subpoena. H&H provides no information in its letter about why collecting and identifying documents responsive to the subpoena is burdensome. Nor does it describe any of its efforts to limit the scope of the subpoena to reduce any claimed burden.

More importantly, H&H is an engineering design firm. Amtrak is an intercity passenger railroad. Clearly, H&H is "better suited" to review its own engineering documents and identify documents responsive to Defendants' demands. Defendants' subpoena requires H&H to determine

---

[1] H&H's contention that Amtrak has not "formally" responded to H&H's confidentiality and SSI concerns puts form over substance. Amtrak has repeatedly explained verbally *and* via email that it will assist H&H in identifying SSI and/or confidential documents *after* H&H performs a responsiveness review.

4897-0474-2486v.1

and identify, for example, which documents it relied on to make recommendations to Amtrak. Simply put, Amtrak cannot determine which of H&H's documents H&H "relied on."

\* \* \*

We thank the Court for its time and attention to this matter.

Very truly yours,

*Timothy J. Collazzi*

Timothy J. Collazzi, Esq.

TC/js

CC:  Rachel S. Rubenstein, Esq. (via ECF)
    Andrew Nees, Esq. (via ECF)
    William Fennell, Esq. (via ECF)
    Joseph Perrone, Esq. (via ECF)
    Robert Ryan, Esq. (via ECF)