# Giuliano McDonnell & Perrone, LLP

**Long Island Office**
170 Old Country Road, Suite 608
Mineola, New York 11501
Tel: (516) 214-8448
Fax: (516) 414-7905

Reply to Long Island

**New Jersey Office**
2001 US Hwy 46
Suite 310
Parsippany, NJ 07054
Tel: (973)-302-0120
Fax: (973)-302-0121

**New York City Office**
5 Penn Plaza, 23rd Floor
New York, New York 10001
Tel: (646) 328-0120
Fax: (646) 328-0121
www.gmplawfirm.com

**Florida Office**
6615 W. Boynton Beach Blvd.
No. 351
Boynton Beach, FL 33437
Tel: (561) 337-8816
Fax: (561) 337-4653

Joseph J Perrone, *Partner*
jperrone@gmplawfirm.com

July 18, 2025

*Via ECF*

Hon. James B. Clark, III
United States Magistrate Judge
Martin Luther King U.S. Court House Building
50 Walnut Street
Newark, New Jersey 07102

Re: *Nat'l R.R. Passenger Corp. d/b/a Amtrak v. Vinik Marine, Inc. et al.*
Action pending in the United States District Court of New Jersey
Civil Case No.: 24-cv-04874 (MCA)(JBC)
GMP File No.: E647

Dear Magistrate Judge Clark:

  We represent Defendants Vinik Marine, Inc. and Vinik Marine Services LLC (collectively "Vinik") in connection with the above-referenced matter. Pursuant to the Court's Order (ECF Doc. 40), we respectfully submit Vinik's response to the pre-motion conference request (ECF Doc. 39) by the non-party engineers, Hardesty & Hanover, LLC ("Hardesty"), which seeks to quash Vinik's subpoena upon Hardesty. Hardesty contends that the subpoena should be quashed in its entirety without Hardesty having disclosed even a single document because the subpoena imposes an "undue burden" based upon three assertions. Hardesty is incorrect regarding the underlying predicates, which exposes the false dilemma that Hardesty is stuck between either complying (even partially) with the subpoena, on the one hand, or complying with Hardesty's requirements of handling contractually confidential documents and regulatory sensitive security information on the other hand. Therefore, as explained more fully below, Vinik respectfully requests that the Court: (1) deny Hardesty's request for leave to file its contemplated motion to quash; and (2) order Hardesty to comply with the subpoena by serving all non-privileged documents

Hon. James B. Clark, III
*Nat'l R.R. Passenger Corp. v. Vinik Marine, Inc.* (D.N.J. No. 24-cv-04874)
Page 2 of 5 - July 18, 2025

responsive to the subpoena, together with a privilege log of redacted/withheld documents by the subpoena return date of July 25, 2025, or a date soon thereafter as set by the Court.

Before turning to Hardesty's arguments, we respectfully remind the Court that this admiralty action involves the National Railroad Passenger Corporation's ("Amtrak") claim against Vinik for damages in excess of $6.1 million. *See* ECF Doc. 1, *Ad Damnum* Cl. ¶ 1. More specifically, Amtrak contends that Vinik damaged the marine fender system of the Portal Bridge, a rail bridge that spans the Hackensack River in Hudson County, New Jersey. Amtrak contracted with Hardesty, as its primary bridge consultant, to provide proposals for repairing the fender system or partially restoring it with an "in kind" timber fender. Instead of repairing or restoring the fender system, Amtrak ultimately elected to replace the entire fender system with a floating steel barge fender, which Hardesty designed. Accordingly, Vinik subpoenaed Hardesty's records regarding its opinions and services in connection with the litigation.

## **Amtrak Waived Hardesty's Confidentiality Obligation**

Vinik quickly dispenses with Hardesty's assertion that its alleged confidentiality agreement with Amtrak renders responding to the subpoena an undue burden. Significantly, Hardesty does not represent to the Court that responding to the subpoena *would* violate any confidentiality agreement; Hardesty merely argues that it "*could* constitute a material breach of the terms of [its] agreement[1]" with Amtrak. Hardesty cannot genuinely make such a representation because it should have disclosed to the Court that, *prior to Hardesty's letter to the Court*, Amtrak's counsel irrefutably agreed to waive confidentiality or screen potentially confidential documents. Amtrak even offered to provide Hardesty written confirmation of its waiver.[2] Therefore, Hardesty's hypothesized burden of complying with Amtrak's confidentiality agreement, as Hardesty has presented to the Court, simply does not exist in actuality and does not warrant quashing the subpoena.

## **Hardesty's Security Concerns Are Speculative;**
## **Hardesty Must Produce Non-Protected Documents And A Privilege Log**

Hardesty's assertion that the subpoena must be quashed in its entirety because it requests documents that "directly implicate security concerns" fails for at least two reasons. First, Hardesty has not presented any information or documentation to the Court to substantiate its assertion that the subpoenaed documents *actually* contain sensitive security

---

[1] Upon receipt of Hardesty's objections to the subpoena, Vinik requested the "agreement" under which Hardesty asserts its duty of confidentiality arises. Neither Amtrak nor Hardesty have disclosed the agreement, nor quoted any provisions such that Hardesty's claim of confidentiality can be verified by either Vinik or the Court.

[2] Although Hardesty's counsel deflected as to whether he thought such a written waiver was needed, Amtrak's counsel has, in fact, provided Hardesty with a written waiver.

information ("SSI"). Hardesty speculates that the subpoenaed documents "*almost certainly*" include SSI and contends that Amtrak advised that the subpoena "*might potentially* seek the production of . . . federally regulated sensitive security information." However, "no blanket privilege" is created by the SSI regulations. *UPS Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609, 2018 U.S. Dist. LEXIS 112961, at *16 (W.D. Ky. Apr. 16, 2018). Hardesty has not identified a single subpoenaed document that is subject to SSI regulation, nor provided a privilege log of such documents. Much like the court required of the non-disclosing party in *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607, 2024 U.S. Dist. LEXIS 137540, at *4 (N.D. Cal. Aug. 1, 2024), who similarly baldly claimed its documents contained SSI, Hardesty should be required "to provide evidentiary support for its position that the documents in question potentially contain SSI" (*id.*) and produce a privilege log as required by Federal Civil Procedure Rule 45(e)(2)(A) ("A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.").

Hardesty's duty to identify SSI documents (if any) precedes the instant dispute. It stems from Hardesty's regulatory obligations and not the subpoena. The relevant SSI regulations obligate each "covered person" to have marked electronic and paper records with a "protective marking." *See* 49 C.F.R. §§ 15.9(a)(4), 15.13, 1520.9(a)(4) & 1520.13; *see also id.* §§ 15.7(j) & 1520.7(j) (defining "covered person" as "[e]ach person who has access to SSI"). Consequently, Hardesty long ago should have completed its identification of SSI documents. Moreover, to the extent that Hardesty previously received SSI documents that had not been marked and still has those documents in its possession, Hardesty itself was and is obligated to mark the documents and to inform Amtrak of the marking. *See id.* §§ 15.9(b) & 1520.9(b). Thus, Hardesty's burden of identifying for the Court the documents containing SSI is no greater than its burden under its preexisting duties pursuant to the SSI regulations. Logging those documents in response to the subpoena is no greater a burden than that which is imposed on all other subpoenaed non-parties that claim any type of privilege under Rules 26 and 45.

Second, Hardesty's speculative assertion that some document might contain SSI does not justify quashing Vinik's subpoena in its entirety in any event. Hardesty may not "grind civil litigation to a halt" with its belief that *some* documents may contain SSI because the SSI regime simply does not apply to information not properly within its scope. *See Tavantzis*, 2024 U.S. Dist. LEXIS 137540, at *3-4. The operative statute provides: "Nothing in this subsection, or any other provision of law, shall be construed to authorize the designation of information as sensitive security information (as defined in section 1520.5 of title 49, Code of Federal Regulations) . . . to prevent or delay the release of information that does not require protection in the interest of transportation security . . . ." 49 U.S.C. § 114(r)(4). Thus, Hardesty should be compelled to respond to Vinik's subpoena

Hon. James B. Clark, III
*Nat'l R.R. Passenger Corp. v. Vinik Marine, Inc.* (D.N.J. No. 24-cv-04874)
Page 4 of 5 - July 18, 2025

to the extent it has responsive documents that are not within the scope of the SSI regulations and provide a routine privilege log for all other documents it withholds.

### Hardesty's Intentional Dispossession Of Responsive Documents Does Not Warrant Quashing The Subpoena

Hardesty's third assertion of undue burden appears to be that the subpoenaed documents are in Amtrak's "possession, custody, and control." As a preliminary matter, the universe of documents responsive to the subpoena that Hardesty contends Amtrak possesses is disputed by all parties. In particular, Hardesty represents to the Court that "Hardesty provided Amtrak with Hardesty's entire project files, including ESI and emails." However, in its letter to the Court (ECF Doc. 41), Amtrak denies that Hardesty provided the entire "job folder." Rather, it appears that Hardesty forwarded to Amtrak one Hardesty-employee's electronic "job folder" (maintained by Jeffrey Konrad) and another Hardesty-employee's email folder (maintained by William Johnson). Additionally, Amtrak asserts that those documents did not contain metadata. Further, in response to the undersigned's inquiry during the meet-and-confer, Hardesty's counsel advised that he did not know what search (if any) Hardesty had conducted to locate responsive documents. Certainly, Hardesty's failure to provide Mr. Konrad's emails (as it did for Mr. Johnson) suggests that the documents Hardesty "dumped on Amtrak's counsel" are incomplete. Thus, Hardesty's assertion that Amtrak possesses the entirety of Hardesty's documents responsive to the subpoena should not be accepted as fact. Amtrak also correctly notes that Vinik has requested documents that Hardesty would not necessarily have shared with Amtrak during the project (e.g., documents that Hardesty relied upon to formulate its recommendations to Amtrak) that are unlikely to have been included in the documents Hardesty transferred to Amtrak. Again, therefore, Hardesty's further assertion that Vinik can obtain the requested documents from Amtrak is factually incorrect.

Hardesty's transfer of possession of some (or even all) of its responsive documents to Amtrak does not warrant quashing the subpoena. Actual possession of the documents is not necessary to find that a party still has "custody" or "control" over the documents within the meaning of Rule 34. *See Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023). Thus, to the extent that Hardesty contends that its intentional dispossession of responsive documents (transferred into Amtrak's possession) discharges Hardesty's responsibility to respond to the subpoena is without merit.

In sum, Hardesty's request to quash Vinik's subpoena in its entirety should be denied. Vinik respectfully requests that the Court order Hardesty to serve all non-privileged documents responsive to the subpoena, together with a privilege log of redacted/withheld documents by July 25, 2025, or another date fixed by the Court.

Hon. James B. Clark, III
*Nat'l R.R. Passenger Corp. v. Vinik Marine, Inc.* (D.N.J. No. 24-cv-04874)
Page 5 of 5 - July 18, 2025

We thank the Court for its consideration of the foregoing.

Respectfully,

s/ *Joseph J. Perrone*

Joseph J. Perrone, Esq.
William M. Fennell, Esq. (*Pro Hac Vice*)
Giuliano McDonnell & Perrone, LLP

**cc (*via* ECF):**

Timothy J. Collazzi, Esq.
Rachel S. Rubenstein, Esq.
Landman Corsi Ballaine & Ford P.C.
*Attorneys for Plaintiff National Railroad Passenger Corp.*
One Gateway Center, 22nd Floor
Newark, NJ 07102
Tel: 973-623-2700

**cc (*via* email & first class mail):**
Robert E. Ryan, Esq.
Connell Foley LLP
*Attorneys for Subpoenaed Non-Party Hardesty & Hanover, LLC*
56 Livingston Avenue
Roseland , NJ 07068
Tel: 973-535-2416