

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500   F 973.535.9217

**Robert E. Ryan**
Partner
Direct Dial 973.535.2416
RRyan@connellfoley.com

July 21, 2025

**VIA ECF**
Honorable James B. Clark, III, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:   *National Railroad Passenger Corporation d/b/a Amtrak v. Vinik Marine Inc. et al.*
           Case No. 2:24-cv-04874-MCA-JBC

Dear Judge Clark:

As Your Honor is aware, this firm represents non-party Hardesty & Hanover LLC ("Hardesty").

We are in receipt of Amtrak's letter to the Court dated July 17, 2025, regarding Hardesty's request for a conference or, alternatively, for permission to file a Motion to Quash the Subpoena served by Defendants, Vinik Marine Inc., and Vinik Marine Services, LLC ("Vinik"). We are also in receipt of the July 18, 2025 letter submitted by Vinik's counsel to the Court in response to Hardesty's letter. Both letters clearly demonstrate that the need for intervention from this Court is paramount. The volatile positions and obvious misunderstandings between all parties and counsel are substantially impacting the parties' and Hardesty's ability to cooperate and meaningfully resolve the dissension stemming from the Subpoena.

Hardesty respects this Court's judicial preferences regarding pre-motion letters and, therefore, will refrain from submitting a comprehensive response. That said, the need for a conference to resolve the Subpoena issues is compelling, particularly given the issue of SSI and the authority of the federal regulations controlling the dissemination of SSI. *See* 49 C.F.R. §§ 15 and 1520. It must be emphasized that Hardesty previously produced its entire project and ESI file to Amtrak counsel over five weeks ago, when Amtrak was initially advised of the Subpoena, to permit Amtrak time to review and assess its position regarding confidentiality and SSI. As counsel for Hardesty, we understand that Hardesty produced the entire project and ESI file as maintained in the normal course of business, a file that comprises the two classes of emails and job folders noted in Amtrak's letter to the Court.

Hardesty and its counsel, since the start of the Subpoena process, have worked tirelessly to respond to the significant issues triggered by the Subpoena, namely what is confidential property of Amtrack, the potential waiver of such, and the existence of SSI. Hardesty is not attempting to foist work on Amtrak, as Amtrak is an important client of Hardesty, and Hardesty wishes to cooperate with Amtrak – and Vinik as well – in complying with the Subpoena.

That said, Hardesty respectfully disagrees with the substance and positions taken by both in their letters, particularly the representations regarding the interactions amongst counsel related to the core issues of confidentiality, the protection of SSI that Amtrak counsel claims are contained in Hardesty's project file, the nature of the Hardesty project file already transferred to Amtrak in the face of the pending Subpoena, and the serious cost and manpower burden that is being transferred to non-party Hardesty.

While Amtrak's representation that it will potentially waive any claim to confidentiality with regard to the Hardesty file under the Amtrak/Hardesty contract is a significant step forward, this waiver does not alleviate Hardesty's obligation to comply with the federal regulations governing SSI.

We are confident that with Your Honor's guidance, direction, and the setting of reasonable deadlines, all remaining issues regarding non-party Hardesty's obligations to respond to the Subpoena can be resolved in accordance with all applicable law and federal regulations. But if the Court were not inclined to hold a conference, we would renew our request for permission to file a Motion to Quash the Subpoena.

Respectfully submitted,

Robert E. Ryan, Esq.

cc:   All counsel of record (via CM/ECF)